The opinion of the court was delivered by
Duncan, J.
This was an action brought by Cohen and Neshit against the plaintffs- in error, the assignees of Benjamin Bates and Co., to recover a dividend of the effects of B. Bates and Co., under an assignment made by B. Bates to them of “all the effects of the late firm of Young and Bates, Benjamin Bates and Co. and Benjamin Bates in his individual right, in trust to apply the money obtained on the assignment to the payment.and satisfaction of such of the creditors of the said late firm of Young and Bates and Benjamin Bates and Co. as should within thirty days execute and deliver to the trustees, a good and sufficient release and discharge of all their claims and demands against the said late firm of Young and Bates and Benjamin Bates and Co.” Cohen and Neshit did, within the thirty days, execute a release of all their claims and demands against Benjamin Bates and Co.
On the trial in the District Court two questions arose, one of fact, which was, whether Benjamin Bates and Co. were the debtors of Cohen and Neshit, or were only sub-purchasers from Anderson and Davis, of a quantity of vestings sold by Cohen and Neshit.
There was some contradiction in the evidence, but certainly *38 enough to have left it to the jury to conclude that the goods were sold on a joint contract to Anderson and Davis and Bates and Co. They were together when the goods were contracted for, they examined them together, they were charged as joint purchasers, £^nd a joint bill was made out, which was sent with the goods to Anderson and Davis. This certainly was pretty strong evidence of a joint sale, and would require strong testimony to repel it. Whether such evidence was given was a fact for the jury, and, as a fact, it was left to them, in some measure depending on the credit to be given to the witnesses. The concurrent circumstances of a joint sale, viz. the entry in the books of Cohen and Nesbit and the joint bill, cannot fail to make this impression.
I do not think the charge is exposed to the exception taken to it, that the case was put to the jury that there' was ground for an implied promise, or to raise a promise by construction of law. When the court speak of an implication, it is not to be considered that they intended the action on an implied promise arising by operation of law, but an inference to be drawn from the circumstances of an express joint contract. Express contracts are, where the terms of the agreement are fixed by the contracting parties. They arise from the agreement of the parties, but it is not necessary to prove the agreement by any precise form of words. Whatever will satisfy the jury of the assent of two minds to do, or hot to do a particular thing, is satisfactory proof of any express agreement. Any thing which shows the assent of the parties is sulficient. Implied promises are such as reason and justice dictate, and which therefore the law presumes every man undertakes to perform; as, where a man orders goods of a tradesman, without any agreement as to price, the law concludes that the bargainor contracted to pay the seller the real value. It is difficult to state with certainty when contracts and promises are exclusively implied, though, as a general rule, it may be observed, that promises in law only exist where there is no express stipulation between the parties. Toussaint v. Martinnant, 2 T. R. 105. There was no question here but there was an express stipulation by somebody to pay for these goods, and the question of fact was, whether it was a stipulation by Anderson and Davis and Bates and Co., and so it appears to me it was properly left to the jury. There is no error, therefore, in this part of the charge.
But there was a question of law, whether .the plaintiffs had entitled themselves to come in upon this fund, by executing a proper release, and, in the opinion on that question, I think the court fell into error. Nesbit and Cohen had their élection to come in and partake of the benefit of this assignment, or to decline it, and sue for the debt. But, if they did come in, it must be on,the prescribed condition. The performance of this was a condition precedent. . It is not for the court to say, there was any thing unmeaning in the requisites, or that they meant otherwise than *39 they express. The court would willingly act on the construction contended for by the defendants in error, if the effects of the late firm of Young and Bates and Bates and Co. had been kept separate, and were distributed in that order, and so would have construed the words, reddendo singula singulis. But it has pleased the author of the fund out of which payment is demanded, to throw the effects of Young and Bates and Bates and Co. into one common stock, and to direct the estates of both, without any reíation to the amount due by each, to be paid out of that common stock, in proportion to the amount of the/lebts against both. What were the reasons of Benjamin Bates for this we cannot know; but he has thought proper so to modify the whole of his co-partnership concerns as to consolidate the debts and effects. Those creditors of the different firms who have acceded to this consolidation are bound by it. Now, by the structure of this assignment, whoever came in, and on whatever account they came in, were previously to relinquish all their claims and demands against all the firms. Where effects are consolidated, the release should then be commensurate, and go to the discharge of all those parties whose funds were thus consolidated.
Now, if Cohen and Nesbit recover in this action against Bates and Co., it is out of the joint funds of Young and Bates and Bates and Co, The effects of Young and Bates would, for aught that appears, then, be appropriated to the payment of Bates and Co’s, debts, and Young and Bates still remained liable personally to any other claim of Cohen and Nesbit. It is said, in answer to all this, non constat they have any other: to which it is very properly replied, non constat but they have. We know not, nor can we know, whether they have or have not. The creator of this fund has chosen to make the full release of all debts for which he was bound, under the name of every firm in which he had embarked, a condition precedent, the performance of which was necessary, before any creditors of any firm should come in, for any dividend of the united funds of all the firms.- The plaintiffs below have not done so, and can claim nothing from the fund in the hands of the defendants, the plaintiffs in error; and the judgment is for. this reason reversed.
I would further observe, that if the plaintiffs in error were liable, it must be as trustees and assignees, not of Bates and Co, alone, but of Young and Bates and Bates and Co.
Judgment reversed, and a venire facias de novo awarded.